SCHWARTZ & CERA LLP
Douglas R. Schwartz (Cal. Bar No. 98666)
Petra M. Reinecke (Cal. Bar No. 154482)
James J. Corbelli (Cal. Bar No. 111338)
44 Montgomery Street, Suite 3850
San Francisco, California 94104
Telephone: (415) 956-2600
Facsimile:  (415) 438-2655
Email:  doug@schwartz-cera.com
        petra@schwartz-cera.com
        jcorbelli@schwartz-cera.com

Attorneys for Defendants
    JAMES FISHER PLC
    FENDERCARE MARINE SOLUTIONS LIMITED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE MARINE PRODUCTS ANTITRUST LITIGATION | Master Consolidated Case File No. CV-10-2319-GW(FFMx) |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | **DEFENDANTS JAMES FISHER PLC AND FENDERCARE MARINE SOLUTIONS LIMITED'S OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION FOR ORDER CLARIFYING BRIEFING SCHEDULE ON DISPOSITIVE MOTIONS, CONTINUING NOVEMBER 22 HEARING DATE AS TO DISPOSITIVE MOTIONS AND SETTING FORTH DIFFERENT AGENDA**<br><br>Judge: The Honorable George Wu<br>Ctrm: 10 |

Defendants James Fisher PLC and FenderCare Marine Solutions Limited[1] hereby oppose the ex parte application filed by Plaintiffs requesting "clarification" of the briefing schedule for

---

[1] As of the time of filing, Defendants Virginia Harbor Services, Inc, Trelleborg AB, SHI, Inc., SII, Inc., Frank March, Maritime International, Inc., John Deats, Marine Fenders International, Seymour Waterman, Waterman Supply Company, Inc., Sumitomo Rubber Industries, Ltd., Robert

*(Footnote continued)*

-1-

the dispositive motions filed by the defendants on September 14 and set for hearing by the Court for November 22, 2010, continuance of oral argument of the dispositive motions until January, and instead setting an "agenda" of Plaintiffs' issues for hearing on November 22, 2010, including the commencement of class certification discovery. All relief requested by Plaintiffs is directly and specifically contrary to the Court's Order of September 2, 2010, and should be rejected.

The Court's September 2 Order set the dispositive motions for hearing on November 22 and ordered the parties to comply with Local Rule 6 instead of the schedule to which Plaintiffs and some Defendants had stipulated. Although the proposed Stipulation was filed on August 11, the Court declined ruling on the stipulation and instead specifically addressed the briefing schedule for the motions on September 2. By setting a hearing date of November 22 (the date the parties had proposed for filing of reply briefs), the Court's September 2 order necessarily superseded the briefing schedule proposed in the Stipulation, which specifically stated that it was contingent upon the Court's acceptance.[2] As a consequence, Plaintiffs' submission that, because the Court's Order did not specifically state the due dates for the oppositions, "Plaintiffs understood that the parties were operating under the stipulated briefing schedule" is completely untenable. The Court specifically ordered a <u>different</u> schedule by setting a November 22 hearing date. The September order is clear and requires no "clarification."

In accordance with Local Rule 7-9, Plaintiffs' oppositions are due on November 1. Plaintiffs have had over six weeks to prepare their oppositions, and have not shown good cause why more time is required. Despite the fact that, pursuant to the Court's order, the Defendants could have waited to file their dispositive motions until October 25, Defendants filed on September 14. Plaintiffs have had six <u>extra</u> weeks to prepare their oppositions, yet still submit, without good cause, that such time is inadequate.

_____

Taylor, Donald Murray, Alan Potts, and Andrew Barmakian have notified undersigned counsel that they intend to join in this opposition.

[2]     The proposed Stipulation stated: "WHEREAS, the Parties agree, **upon Court approval of this Stipulation**, to the following schedule . . . ." Stipulation at page 1 (emphasis added).

DEFENDANTS JAMES FISHER PLC AND FENDERCARE MARINE
SOLUTIONS LIMITED'S OPPOSITION TO PLAINTIFFS' EX PARTE
APPLICATION REGARDING NOVEMBER 22 HEARING
CASE NO. CV-10-2319-GW(FFMX)

Plaintiffs further submit that the two weeks between the filing of reply briefs and the hearing date is inadequate time for them to prepare for oral argument, and instead request an additional seven weeks to prepare and a date for oral arguments in January! The motions have been on file since September 14 and, while the oppositions and replies may raise some additional points, Plaintiffs' preparation is not confined to those two weeks. More importantly, the pending motions, while numerous, contain largely the same issues – jurisdictional defects, *Twombly* defects and requests to strike – and are not particularly complicated. The November 22 hearing date provides adequate time to prepare.[3] The motions to dismiss on file and set for hearing on November 22 are dispositive motions, and Defendants had the right to have them determined in a timely manner <u>before</u> they are forced to participate in discovery and protracted litigation. Their hearing on November 22 is not "premature" as contended by Plaintiffs but timely and just.

Further, with respect to Defendants James Fisher PLC and FenderCare Marine Solutions Limited, Plaintiffs have now conceded that their motion to dismiss is well-placed, and that these defendants are improperly named as defendants in this action.[4] As a consequence, James Fisher PLC and FenderCare Marine Solutions Limited's motion to dismiss should be determined on November 22 so that they may be dismissed from this action; since Plaintiffs apparently concede the motion, they will presumably not file an opposition nor need to prepare for oral argument, so hearing and determination of this motion by the Court on November 22 will not require additional time.

Plaintiffs' final request, namely that the Court ignore its September 2 Order setting the dispositive motions for hearing and instead use the November 22 hearing date to "discuss" issues

---

[3]   Plaintiffs' submission that "Plaintiffs may well determine that Defendants' replies necessitate the filing of sur-reply papers" (Ex Parte Application at p. 5, lines 5-6) is misplaced, since Local Rule 7-10 states specifically that absent a written Court order, "the opposing party shall not file a response to the reply."

[4]   Plaintiffs attempted to notice a motion to substitute a different FenderCare entity for hearing on November 22, but such motion was rejected by the Court because it was untimely. Plaintiffs have now requested that the Court "discuss" their motion on November 22.

DEFENDANTS JAMES FISHER PLC AND FENDERCARE MARINE
SOLUTIONS LIMITED'S OPPOSITION TO PLAINTIFFS' EX PARTE
APPLICATION REGARDING NOVEMBER 22 HEARING
CASE NO. CV-10-2319-GW(FFMX)

near and dear to Plaintiffs is simply outrageous.  Rather than having the Court hear and determine motions whereby defendants, including James Fisher PLC and FenderCare Marine Solutions Limited, will be dismissed from this case, Plaintiffs "are prepared to discuss," *inter alia,* service of class certification discovery requests, commencement of class certification discovery, and class certification briefing schedule!  The Court specifically set the November 22 date for a hearing on the pending motions, and there is no good reason to hear anything else on that date.  Plaintiffs' request that the Court "discuss" an "overview" of dispositive and other motions filed by Defendants (generally)" and "scheduling oral argument on dispositive motions" is absurd, given that the Court has ordered them heard on that date.  Plaintiffs have not noticed any additional motions, the Court has not ordered a conference, and Plaintiffs' attempt to convert the hearing of Defendants' motions into a discovery conference regarding class issues where there are motions pending challenging the very existence of a proper class action is completely improper.  Similarly, Plaintiffs' request to discuss consolidation of a new complaint and their defective motion to file a corrected amended complaint in order to "substitute" FenderCare Limited for Defendants James Fisher PLC and FenderCare Marine Solutions Limited, where no motions are pending and Plaintiffs have not complied with Local Rule 6, is inappropriate.  Plaintiffs' requests are simply an attempt to circumvent the appropriate noticed motion process and an abuse of the ex parte application procedure.  It is respectfully submitted that all of Plaintiffs' requests should be denied.

DATED:  October 27, 2010                        Respectfully submitted,

                                                SCHWARTZ & CERA LLP


                                                By:   */s/ Douglas R. Schwartz*
                                                      DOUGLAS R. SCHWARTZ
                                                      PETRA REINECKE
                                                      JAMES J. CORBELLI
                                                      Attorneys for Defendants
                                                      James Fisher & Sons PLC and
                                                      FenderCare Marine Solutions Limited