# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

BOARD OF TRUSTEE OF THE GALVESTON WHARVES, et al.

                Plaintiff,

           v.

TRELLEBORG, AB, et al.,

                Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

No. CV 10-2319-GW (FFMx)

**ORDER**

For the reasons stated in this Court's November 22, 2010 Tentative Ruling and delineated during the hearing on said date, it is hereby ordered that:

**I.** Defendant Virginia Harbor Service, Inc.'s ("VHS") Motion to: 1) Dismiss All Claims of Galveston Wharves and RDA, 2) Clarify that Ace Marine is not before the Court and to Strike All Allegations Pertaining to the First Claim for Relief, 3) Dismiss All Class Allegations of the Board of Commissioners of the Port of New Orleans ("Orleans Board"), and 4) Dismiss the Third Claim for Relief Asserted by the OSG Plaintiffs  - see Docket Item Number ("Doc No.") 165 - is granted in part and denied in part.  The motion to dismiss the claims of Galveston Wharves and RDA is denied as moot given the voluntary dismissal of the claims by those parties.  The motion to clarify that Ace Marine is not before this Court in this litigation is denied. The motion to dismiss all of the Orleans Board's class allegations is denied without prejudice as premature.  The motion to dismiss the OSG Plaintiff's third claim for relief is granted with leave to amend.

**II.** Defendant VHS's Motion to Correct Misjoinder of Plaintiffs, to Strike

Immaterial and Impertinent Material, and to Require Amendment (see Doc. No. 164) is granted in part and denied in part.  The Court finds that the Consolidated Amended Class Action Complaint ("CAC") raises three separate antitrust conspiracies covering distinct categories of marine port/pier products such that there is an absence of a "question of law or fact common to all plaintiffs . . . in the action" under Federal Rule of Civil Procedure ("FRCP") 20(a)(1)(B).  However, the proper resulting course of conduct under FRCP 21 is unclear at this point.  Hence, the Court will deny without prejudice VHS's request to strike and to require amendment.  The Court sets a status/scheduling conference for **January 31, 2011 at 8:30 a.m.** to consider the matter.

**III.**  Defendant Nilsson's Motion to Quash Service of Process and to Dismiss Complaint for Lack of Personal Jurisdiction (see Doc. No. 149) is granted as to the motion to quash.  However, the Court will permit Plaintiffs to serve Nilsson by way of certified mail as per FRCP 41(f)(3) and Brockmeyer v. May, 383 F.3d 798, 802-05 (9th Cir. 2004).  Plaintiffs are to prepare an appropriate proposed order for this Court's signature.

In light of the ruling to quash the service of process, this Court need not reach the motion to dismiss for lack of personal jurisdiction.  However, the Court would note that, on the one hand, the Plaintiffs correctly indicate that, pursuant to the nationwide service of process provision in Section 12 of the Clayton Act (15 U.S.C. § 22), the relevant forum for the "minimum contacts" evaluation in the entire United States (see Action Embroidery Corp. v. Atlantic Embroidery, Inc., 368 F.3d 1174, 1180 (9th Cir. 2004)); on the other hand, the specific allegations in the CAC as to Nilsson's contacts with the United States (see e.g. ¶'s 146-48 of the CAC) are at best merely implicit and indefinite.  Plaintiffs should amend their complaint in this regard.

**IV.**  Defendant Trelleborg A.B.'s Motion to Dismiss for Insufficiency of Service (see Doc. No. 162) is granted.  The Court will permit Plaintiffs to serve Trelleborg by certified mail as per FRCP 41(f)(3).  Plaintiffs are to prepare an

appropriate order.

**V.** Defendants SHI, Inc., SII, Inc. And Frank March's Motion to Dismiss (see Doc. No. 155) based upon statutes of limitation is denied without prejudice as there are factual uncertainties which prevent the Court from granting the motion at this point.

**VI.** Defendant Yokohama Rubber Co., Ltd.'s Motion to Dismiss (see Doc. No. 147) as to the third antitrust claim relating to marine fenders is granted on the basis of a failure to state a claim, with leave to amend.

**VII.** Defendant Sumitomo Rubber Industries, Ltd.'s to Dismiss (see Doc. No. 150) as to the third antitrust claim relating to marine fenders is granted on the basis of a failure to state a claim, with leave to amend.

**VIII.** Defendants Bridgestone Corporation and Bridgestone Industrial Products America, Inc.'s Motion to Dismiss (see Doc. No. 145) as to the third antitrust claim relating to marine fenders is granted on the basis of a failure to state a claim, with leave to amend.

**IX.** Defendant Maritime International, Inc. and John Deats' Motion to Dismiss (see Doc. No. 155) is granted, with leave to amend.

**X.** Defendants James Fisher PLC and Fender Care Maine Solutions Ltd.'s Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim (see Doc. No. 168) is granted. Plaintiffs may amend to add the correct parties.

**XI.** Plaintiffs' Motion to File a Corrected Consolidated Amended Class Action (see Doc. No. 176) is granted consistent with the rulings herein.

Dated: This 20th day of January, 2011.

George H. Wu

_____
GEORGE H. WU
United States District Judge